**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0421, <u>Town of Atkinson v. Michael Saviano</u>, the court on February 19, 2015, issued the following order:**

Having considered the parties' briefs and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The respondent, Michael Saviano, appeals an order of the Superior Court (<u>McHugh</u>, J.) dismissing his constitutional claims brought against the petitioner, the Town of Atkinson (Town), and imposing a statutory penalty of $50 per day for each of the 1,375 days that he violated the zoning ordinance and awarding the Town its reasonable attorney's fees and costs. <u>See</u> RSA 676:17, I (Supp. 2014) (providing that a person who violates a zoning ordinance "shall be subject to a civil penalty of $275 for the first offense, and $550 for subsequent offenses, for each day that such violation is found to continue after the conviction date or after the date on which the violator receives written notice from the municipality that the violator is in violation, whichever is earlier" and requiring that "[e]ach day that a violation continues shall be a separate offense."). We affirm.

On appeal, the respondent argues that the statutory penalty awarded in this case was excessive. He also argues that res judicata does not bar his substantive due process claim because, he asserts, when this court decided an earlier appeal in which he raised or could have raised that claim, we did not decide that claim "on its merits." He contends that collateral estoppel does not bar his claim because the issues in his zoning appeal case and in the Town's injunction action are different. He asserts that the Town is judicially estopped from arguing res judicata because it opposed consolidating his zoning appeal and the Town's injunction action. Finally, he argues that he has been deprived of procedural due process in this matter because, he asserts, his substantive due process claim was not decided on the merits, and because he never received a jury trial on it.

As the appealing party, the respondent has the burden of demonstrating reversible error. <u>See</u> <u>Gallo v. Traina</u>, 166 N.H. ___, ___, 103 A.3d 1183, 1186 (2014). Based upon our review of the trial court's narrative order, the respondent's challenges to it, the relevant law, and the record submitted on

appeal, we conclude that the respondent has not demonstrated reversible error. See id. at ___, 103 A.3d at 1186.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.


**Eileen Fox,**
**Clerk**